See also D.C., 97 F.Supp. 857.

Petition of PORTLAND ELECTRIC POWER CO.

No. B-19402 (20483).

No. 883.

United States District Court
D. Oregon.

June 3, 1943.

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES ALGER FEE, Chief Judge.

The court has before it a motion to confirm the report of Honorable Estes Snedecor of date, April 20, 1943. This motion is filed by Thos. W. Delzell and R. L. Clark, independent trustees of the debtor, in a proceeding now pending in this court 97 F.

Supp. 857 on petitions of various holders of Pacific Northwest Public Service Company's 6% convertible gold debentures and of first mortgage bonds of Willamette Valley Railway Company, for an order extending the time within which said debentures and bonds may be converted into the debtor's 6% collateral trust income bonds.

The report reviews the history of the attempts of reorganization of the debtor. The proceeding for that purpose was commenced in 1934. A plan was filed pursuant to the statute and approved by the court. Thereby, it was provided that all of the securities above named might be converted in different ways, as above set out, within times limited for the respective classes. The decree in the proceeding contained some features required in a "final decree" under 77B of the Bankruptcy Act, 11 U.S. C.A. § 207, in force at the date of entry but was subsequently modified by a number of supplemental decrees. By a series of such supplemental decrees, the court from time to time extended the period in which the debentures above mentioned might be converted. After the last extension, the court upon petition entered another supplemental decree permitting undeposited debentures to be exchanged up to March 1, 1941.

The report contains a complete discussion of the legal factors involved and concludes that the court has discretion to re-open the decree, if such action seems equitable. In the event of re-opening, the recommendation is that notice be given by the debtor to all security holders in these classes, and that the Title & Trust Company of Portland, Oregon, charge a fee for each exchange and account to the debtor therefor.

The independent trustees of the debtor have moved for confirmation of the report. Certain of the security holders have moved for an exercise of discretion in their favor and that no flat charge be made on the exchange.

There has been no objection or opposition otherwise.

The question of jurisdiction is not present, since claims on behalf of all the debenture and bond holders were timely filed by fiscal agents.

The plan of reorganization above referred to in the original proceeding did not result in affording relief to the debtor, and in April, 1939, another petition for reorganization was filed. The intent of the debtor was to treat this as a subsequent reorganization. This court has not so far held that legally these proceedings to accomplish the same purpose are not identical.

If the former petition had resulted in a "decree" which had not been supplemented and the proceeding had contained no elements which of necessity would require the re-opening of the same question, then certainly these debentures and bonds would have been avoided.

However, since the first petition initiated a proceeding which was kept alive until another petition was filed, the question is raised whether the second should not have been termed an amended or supplemental petition for reorganization. Since the original proceeding is not closed, the court sees no inequity in re-opening the decree. The litigation has not ended. The status of the debtor's 6% collateral trust income bonds has not been fixed in the proceedings still pending. Equitably, these holders of securities for which claims have been filed should not be ruled out completely, simply because orders have been entered which on their face would constitute a bar. The door of the original proceeding has never been completely closed and the rights of all are still nebulous under the subsequent proceedings.

However, by their own remissness and lack of care in guarding their own interests, these security holders have forfeited any strict legal rights which they may have had to be included among their more vigilant fellows and are allowed to share any benefits as an act of grace upon the part of the court. Since expense will be entailed to the debtor by virtue of the re-opening of the decree, the court is of opinion that it is proper that the flat charge for the exchange recommended by the Special Master be charged and collected as a condition precedent.

The court exercises discretion and orders that the decree be re-opened for the exchange of such bonds and debentures, re-

moving the time limitation therefrom until further order of the court.

The report of the Special Master is in all respects affirmed.