## In re PORTLAND ELECTRIC POWER CO.

### No. 932.

United States District Court, D. Oregon.

June 13, 1944.

See also D.C., 97 F.Supp. 857.

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES ALGER FEE, Chief Judge.

The first petition for the reorganization of the debtor was filed September 28, 1934, in a proceeding entitled "In the Matter of the Petition of Portland Electric Power Company, a corporation, Debtor" and numbered B–19402, D.C., 97 F.Supp. 875. A plan of reorganization was proposed and, after appropriate formalities, approved and confirmed by decree of this Court, dated March 5, 1935. No final decree was ever entered in that proceeding. In fact, it has been kept alive for certain purposes by express orders of the court until the present time.

On April 3, 1939, a proceeding was filed entitled "In the Matter of the Portland Electric Power Company, a corporation, Debtor" and was numbered B–23986, D.C., 97 F.Supp. 857. This proceeding involved the same entity as B–19402. Herein, by consideration of this court, independent trustees have been appointed and the business of this company and its subsidiaries has been supervised by this court since that date.

On October 28, 1943, the committee of the owners and holders of 7% Prior Preference Stock of debtor, filed in B–23986 and attempted to file in B–19402, identical petitions asking among other things that B–19402 and B–23986 be consolidated; that the decree of confirmation in B–19402 be set aside as a fraud on the court and petitioners; that an issue of $16,581,600, 6% Consolidated Trust Income Bonds of debtor, dated as of March 1, 1934, and maturing March 1, 1950, together with the indenture whereby Guaranty Trust Company was constituted Indenture Trustee, be cancelled and the bonds be held on a simple contract basis; and, finally, that Guaranty Trust Company be permanently enjoined from voting any of the stock of Portland General Electric Company or Portland Traction Company held by it and that the stock be ordered delivered to the court.

The petition sets up a complicated state of facts, but generally charged fraud on the

court in that it was not disclosed to the court that, by virtue of certain dividend restrictive agreements relating to debtor and its subsidiaries, it was assured that debtor would be required to present itself for reorganization a second time within a limited number of years. It is then alleged that this foregone result came to pass, but prior to the filing of the second petition and without the knowledge of the court, debtor was caused to surrender the stocks of its subsidiaries to Guaranty, which has since elected the officers and directors of said subsidiaries.

The purpose of the petitions is to set aside the decree of confirmation in B-19402 and to syncretize these proceedings, and to take over the control of the money-making subsidiaries of debtor. The court requested briefs upon the question of whether B-19402 and B-23986 are in fact identical and, if not, whether a consolidation might be ordered. The matter has been carefully briefed by all parties with memoranda by the Securities and Exchange Commission.

■ But practical matters must precede the untangling of purely theoretical snarls. There is no doubt of the power of the court to resurrect, revivify, consolidate or amalgamate, or declare identical these proceedings if the allegations of the petition are true, except insofar as rights have become vested in innocent parties on the faith of this court's decree in B-19402.

■ In B-23986, plans of reorganization have been proposed by the independent trustees and others, which the Securities and Exchange Commission has considered at length and is on the eve of making recommendations to the court. Under the guidance of the independent trustees, the debtor and its subsidiaries are in excellent positions. Guaranty Trust Company and the boards and officers of the operating subsidiaries have a stake in the successful conclusion of these reorganization proceedings. The management of the subsidiaries under boards nominated by Guaranty has been highly successful. Over-all is the power of the court to veto or control measures which may lead to deleterious results. If the proceedings are in fact a unity, the lapse of time will not render them divergent. If there are advantages to any of the parties by a re-examination of the former order of confirmation or any features of B-19402, these may be obtained whether the proceedings are twain or single. The present consideration should be given to the reorganization of debtor and getting it out of court with its debts paid or compromised on an equitable basis and with all the rights of the parties recognized as far as may be.

The petition will be held in abeyance until some manifest need for further consideration may be called to the attention of the court.

See also D.C., 97 F.Supp. 857.